IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ CIV _____

ALEIXO ESTIBEIRO,

    Plaintiff,

v.

CARNIVAL CORPORATION.

    Defendant.

_____/

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO RULE 9 U.S.C. § 205 AND 28 U.S.C. §1441**

Defendant, Carnival Corporation ("Carnival"), for the purpose of removing this action from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court of the Southern District of Florida, with full reservation of rights, exceptions and defenses, respectfully represents:[1]

    1.    Plaintiff, Aleixo Estibeiro ("Plaintiff"), is a citizen of India. *See* Complaint, at ¶ 2.

    2.    The vessel on which Plaintiff was a crew member, the *M/V Ventura* ("*Ventura*"), is a cruise ship operated by P&O Cruises, a foreign corporation. The *Ventura* was flagged in Bermuda at the time of Plaintiff's purported injury.

    3.    As a preliminary matter, Plaintiff has named Carnival Corporation as the Defendant in this lawsuit. However, Carnival does not own or operate the *Ventura*, and is not involved in the daily operations of P&O Cruises. That being said, Plaintiff's employment contract to work aboard the *Ventura* was not with Carnival Corporation or P&O Cruises. As set

---

[1] The Civil Coversheet is attached hereto as Exhibit 1.

forth herein, Plaintiff's employment contract was with Fleet Maritime Services International Limited, a Bermuda Corporation.

4. On February 2, 2010, Plaintiff entered into an individual contract of employment with Fleet Maritime Services International Limited ("FMSI"), to work aboard the *Ventura*. Plaintiff signed an *Acceptance of Employment Terms and Conditions* that included an Arbitration Notice and Agreement. *See* Exhibit 2. The Arbitration Notice and Agreement provision incorporated FMSI's *Principal Terms of Employment & Code of Conduct*. *See* Exhibit 3. Plaintiff is governed by the terms and conditions contained within the *Principal Terms of Employment & Code of Conduct*. Article 14 of the Terms and Conditions is entitled "Governing Law, Arbitration and Venue" and states as follows:

> THE COMPANY AND THE CREW MEMBER AGREE THAT ANY AND ALL DISPUTES, CLAIMS, OR CONTROVERSIES WHATSOEVER (WHETHER IN CONTRACT, REGULATORY, TORT OR OTHERWISE AND WHETHER PRE-EXISTING, PRESENT OR FUTURE AND INCLUDING CONSTITUTIONAL, STATUTORY, COMMON LAW, ADMIRALTY, INTENTIONAL TORT AND EQUITABLE CLAIMS) RELATING TO OR IN ANY WAY ARISING OUT OF OR CONNECTED WITH THE CREW AGREEMENT, THESE TERMS, OR SERVICES PERFORMED FOR THE COMPANY, INCLUDING BUT NOT LIMITED TO WAGE AND BENEFIT MATTERS, EMPLOYMENT APPLICATIONS, WRONGFUL TERMINATION OR DISCRIMINATION CLAIMS, PROPERTY LOSS OR DAMAGE, PERSONAL INJURY, DEATH OR ANY OTHER CLAIM, NO MATTER HOW DESCRIBED, PLEADED OR STYLED (COLLECTIVELY "DISPUTES"), BETWEEN THE CREW MEMBER AND THE COMPANY OR OTHERS, INCLUDING AGAINST THE MASTER, SHIPOWNER, VESSEL, VESSEL OPERATOR, CHARTERER, OR ANY OTHER THIRD PARTY, INCLUDING ALSO, BUT NOT LIMITED TO, PRINCESS CRUISES, P&O CRUISES AUSTRALIA, AND CUNARD LINE, SHALL BE REFERRED TO AND RESOLVED EXCLUSIVELY BY BINDING ARBITRATION PURSUANT TO THE UNITED NATIONS CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS (NEW YORK 1958), 21 U.S.T. 2517, 330 U.N.T.S 3 1970 U.S.T. LEXIS 115 ("THE CONVENTION"), IN HAMILTON BERMUDA, TO THE EXCLUSION OF ANY OTHER FORA, IN ACCORDANCE WITH THE BERMUDA INTERNATIONAL CONCILIATION AND ARBITRATION ACT 1993 AND THE UNCITRAL ARBITRAL RULES AS AT PRESENT IN FORCE, ALL OF

WHICH ARE DEEMED TO BE INCORPORATED HEREIN BY REFERENCE INTO THIS PROVISION.

*See* Exhibit 3.

5. Plaintiff alleges that on June 1, 2011, he suffered personal injury while working aboard the *Ventura*. Specifically, he claims he suffered a heart attack and that the shipboard medical staff delayed in giving him drugs that allegedly would have protected his heart muscle.

6. On or about June 26, 2012, Plaintiff filed suit in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida. The action was originally entitled *Aleixo Estibeiro v. Carnival Corporation,* case number 12-25017 CA 01. Plaintiff alleged Jones Act Negligence (Count I), Failure to Provide Maintenance and Cure (Count II), Failure to Treat (Count III), and Medical Negligence (Count IV).

7. Pursuant to the terms and conditions of Plaintiff's employment contract, the parties are mandated to submit the dispute to arbitration in Bermuda. Accordingly, both at the time the lawsuit was filed in State Court and at the time of the present removal, this dispute is subject to mandatory arbitration in Bermuda.

8. The foreign arbitration mandated between Plaintiff and his employer (FMSI) is subject to the provisions of The Convention of the Recognition and Enforcement of Foreign Arbitral Awards on June 10, 1958 (hereinafter the "Convention"), and therefore the Convention and its enabling legislation are controlling pursuant to 9 U.S.C. §201 *et seq*.

9. The United States, Bermuda and India are signatories to the Convention.

10. Accordingly, this Court has subject matter jurisdiction by virtue of 28 U.S.C §1331, 28 U.S.C. §1333, and 9 U.S.C. §202 *et al.*

11. This Court has removal jurisdiction pursuant to 9 U.S.C. §202 *et al.* and, to the extent applicable, 28 U.S.C. §1441. *See* 9 U.S.C. § 205 ("Where the subject matter of an action

… pending in a State court relates to an arbitration agreement … under the Convention, the defendant … may … remove such action….")); *see also Bautista v. Star Cruises*, 396 F.3d 1289, 1292-93 (11th Cir. 2005)(affirming removal under the Convention and compelling arbitration); *Lindo v. NCL* (Bahamas) Ltd., 652 F.3d 1257 (11th Cir. 2011).

12. Carnival's Notice of Removal is timely and properly filed pursuant to 9 U.S.C. §202 – §205 which allows removal at any time before trial of such claims.

13. Upon filing of this Notice of Removal, Carnival will promptly give written notice thereof to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida. *See* copy of Notice to be filed with the State Court attached hereto as Exhibit 4.[2]

WHEREFORE, Defendant, Carnival Corporation, respectfully moves that the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number 12-25017 CA 01 on the docket of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed from that Court to the United State District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Carnival Corporation is entitled.

Dated: July 24, 2012
       Miami, Florida

                                                           Respectfully submitted,

                                                           **MALTZMAN & PARTNERS, P.A.**
                                                           *Attorneys for Defendant*
                                                           55 Miracle Mile
                                                           Suite 320
                                                           Coral Gables, Florida 33134
                                                           Tel: (305) 779-5665
                                                           Fax: (305) 779-5664

---

[2] All the documents presently filed in the State Court are attached hereto as Composite Exhibit 5.

        **BY:**    /s/ *Steve Holman*
                  **JEFFREY B. MALTZMAN**
                  Florida Bar No. 0048860
                  **STEVE HOLMAN**
                  Florida Bar No. 0547840

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via facsimile and First Class U.S. mail to: **Ervin Gonzalez, Esq.**, Colson Hicks Eidson et al., 255 Alhambra Circle, Penthouse, Coral Gables, FL 33134 on this 24th day of July, 2012.

        **MALTZMAN & PARTNERS, P.A.**
        *Attorneys for Defendants*
        55 Miracle Mile
        Suite 320
        Coral Gables, Florida 33134
        Tel: (305) 779-5665
        Fax: (305) 779-5664

        **BY:**    /s/ *Steve Holman*
                  **JEFFREY B. MALTZMAN**
                  Florida Bar No. 0048860
                **STEVE HOLMAN**
                Florida Bar No. 0547840