`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22713-CIV-SEITZ/SIMONTON

ALEIXO ESTIBEIRO,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR EQUITABLE RELIEF AND EXPEDITED TRIAL

THIS MATTER came before the Court upon Plaintiff's Emergency[1] Motion for Equitable Relief and Expedited Trial [DE 19]. Plaintiff, a seaman who worked aboard a cruise ship owned by one of the Carnival Group brands, maintains that the Court should order this matter to proceed to trial within forty five days because Plaintiff has serious, advanced heart disease, has outlived his statistical life expectancy, and needs a heart transplant. Plaintiff contends that Defendant caused his medical condition by failing to provide him with prompt, proper, and adequate medical care and now refuses to pay Plaintiff's maintenance and cure. However, over four months ago, on October 3, 2012, the Court granted Defendant's Motion to Compel Arbitration in Bermuda with respect to Plaintiff's claims concerning Defendant's alleged failure to administer medical care to Plaintiff in a timely manner after he suffered a heart attack. [DE 18]. In the October 3, 2012 Order, the Court rejected Plaintiff's public policy defense because this defense is unavailable at the arbitration-enforcement stage and held that Plaintiff's unconscionability defense is not recognized so as to render an agreement to arbitrate null and void. As

---

[1] Plaintiff filed the instant Emergency Motion electronically instead of in conventional paper format as required by the Local Rules. *See* L.R. S.D. Fla. Electronic Case Filing Sec. 5E.

1

such, the Court construes Plaintiff's Emergency Motion for Equitable Relief and Expedited Trial as a Motion for Reconsideration made pursuant to Fed. R. Civ. P. 60.[2]

It is well-settled that reconsideration "is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering and Service Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003) (citation omitted)). A motion for reconsideration is not a vehicle to "relitigate old matters, raise argument or present evidence that could have been raised" before. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Nor is mere disagreement with the Court's conclusions enough to warrant reconsideration. *See Linet Inc. v. Village of Wellington, Florida*, 408 F.3d 757, 763 (11th Cir. 2005) (affirming denial of reconsideration where plaintiff merely "disagreed with the district court's treatment of certain facts and its legal conclusions" in the earlier order under review)). Rule 60(b) of the Federal Rules of Civil Procedure allows relief from a final judgment, order, or proceeding due to:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ... reversed or vacated; or (6) any other reason that justifies relief.

Plaintiff has not specified what Federal Rule of Civil Procedure governs his Motion. However, considering all of the Rule 60 grounds, Plaintiff has not articulated a legal basis for granting the Motion. Plaintiff's Motion raises the same legal arguments addressed by the Court in the October 3, 2012 Order, namely that an amendment to the Jones Act renders the Bermuda arbitration clause in Plaintiff's Terms and Conditions of Employment contrary to public policy. [DE 19 at 3-5]. As stated in the October 3, 2012 Order, the Eleventh Circuit in *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1286-87 (11th Cir. 2011), expressly rejected Plaintiff's arguments concerning the amendment. [DE 18 at 8-9]. Plaintiff has

---

[2]The instant Motion cannot be construed as one pursuant to Fed. R. Civ. P. 59 because more than 28 days have elapsed since the Court entered its Order Granting Defendant's Motion to Compel Arbitration and Denying Plaintiff's Motion to Remand [DE 18]. See Fed. R. Civ. P. 59(e).

2

not identified a change in controlling law to warrant reconsideration of this ruling.

To the extent that Plaintiff maintains that his medical condition constitutes newly discovered evidence that the Court must consider, the Court must reject this contention. The record before the Court, including the affidavit from Dr. Donato Arguelles,[3] [DE 19 at 17], does not reflect any new evidence. Moreover, Plaintiff has not established any other ground under Rule 60 for granting the motion.

The Eleventh Circuit has expressly held that the only defenses available at the arbitration-enforcement stage to render the agreement to arbitrate null and void are defenses "such as fraud, mistake, duress, and waiver," which constitute "standard breach-of-contract defenses" that "can be applied neutrally on an international scale." *Lindo*, 652 F.3d at 1276 (*quoting Bautista v. Star Cruises*, 396 F.3d 1289, 1302 (11th Cir. 2005)). By contrast, public policy defenses can only be asserted at the arbitral award-enforcement stage. *Id.* at 1280-82. In the instant Motion, Plaintiff asserts a public policy argument, namely that the Court must allow him to proceed immediately to trial in this Court instead of adjudicating his claims through arbitration because there is no method or procedure to expedite the arbitration and Plaintiff will die before his claims are heard. While the Court acknowledges the seriousness of Plaintiff's medical condition, the Eleventh Circuit has limited the defenses at the arbitration-enforcement stage and a medical condition, no matter how serious, is not a standard breach of contract defense that can be applied neutrally on an international scale to render an arbitration clause null and void.

Further, even if the Court could consider Plaintiff's public policy argument prior to issuance of an arbitral award, the Court must reject it. Plaintiff had his heart attack on June 1, 2011, but did not file

---

[3] Dr. Arguelles is a cardiologist hired to review Plaintiff's medical records with respect to his heart disease. Dr. Arguelles is not Plaintiff's treating physician.

3

the instant lawsuit until over one year later in June 2012. [DE 1-5 at 2]. Then, after this Court granted Defendant's Motion to Compel Arbitration on October 3, 2012, [DE 18], Plaintiff waited until January 2013 to file his Notice of Arbitration [DE 22-3 at 2-7]. The record reflects that despite the seriousness of Plaintiff's medical condition since June 1, 2011, Plaintiff has delayed in pursuing his claims, thereby undermining his public policy argument.

Finally, Plaintiff has not established that there is no method or procedure for expediting the arbitration in Bermuda. Plaintiff has not provided the Court with any information concerning the procedure by which arbitrations are conducted in Bermuda to support his conclusory statement that "[t]hese arbitration proceedings provide no method or procedure for expediting the arbitration based on [Plaintiff's] imminent, life-threatening condition . . ." [DE 19 at 4-5]. Moreover, Plaintiff's request to expedite filed in Bermuda suggests that there are ways to quickly advance the process [DE 22-4 at 3-4].[4] Accordingly, upon review, it is

ORDERED THAT:

(1) Plaintiff's Emergency Motion for Equitable Relief & Expedited Trial [DE 19] is DENIED.

(2) If the parties have not selected a three-member panel of arbitrators by 10:00 a.m. on March 28, 2013, the parties are directed to appear before the Court.

(3) This CASE REMAINS CLOSED.

DONE AND ORDERED in Miami, Florida, this 20 day of March, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

---

[4] Given that both Counsel are first and foremost Officers of the Court, the Court's expectation is that matters related to the arbitration panel would have been resolved by now. As this is not the case, the Court will assist. If a three-member panel has not been selected by 10:00 a.m. on March 28, 2013 the parties are directed to appear at a hearing at 2:00 p.m. on March 28, 2013. The Court is confident Counsel will rise to the occasion and a hearing will not be necessary.

cc: Honorable Andrea M. Simonton
    Counsel of Record